Endelman v. City of Bloomington.

---

### David Endelman v. City of Bloomington.

1. ORDINANCE—*how reasonableness of, determined.* Whether an ordinance is reasonable or unreasonable is a question to be determined by the court, having regard to all existing circumstances or contemporaneous conditions.

2. ORDINANCE—*when void.* When an ordinance is plainly unreasonable and prohibitive in its character, the courts may interfere and pronounce it invalid.

3. ORDINANCE—*requiring licensing of itinerant merchants, when void.* An ordinance is void which makes no distinction as to the amount of license fee required to be paid by an itinerant merchant regardless of whether he engages in business for one or for a number of days.

Prosecution for violation of ordinance. Appeal from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed December 7, 1907.

SOL FLATAU, W. W. WHITMORE and WIGHT & ALEXANDER, for appellant.

BEN L. GOODHEART, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

The city of Bloomington brought suit against David Endelman to recover a penalty for the violation of an ordinance of said city relating to itinerant merchants, which was tried in the County Court of said county before the judge thereof without a jury. Judgment was rendered against Endelman imposing a fine of $10 from which he has taken appeal.

The cause was submitted to the court upon a stipulation of facts which in substance was as follows; that appellant on April 19, 1906, was a citizen and resident of the state of Ohio; that he came to Bloomington, Illinois, and on said date opened a store within the limits of said city and stocked it with men's and boy's clothing and advertised sale thereof to begin at nine o'clock A. M. on April 19th, and that such sale would positively close on Saturday, April 28th; that prior to the opening of said store he called upon the proper city authorities and requested a license to carry on said business within said city, but refused to pay more than such proportion of the minimum license fee of $100 fixed by the ordinance of said city for thirty days' license as to the nine days (during which his sale would extend) would bear to thirty days; that the city authorities refused to accept such *pro rato* proportion of the $100 license fee fixed by ordinance for itinerant merchants for thirty days and refused to give the license for any shorter period; that upon such refusal appellant opened his store and engaged in business without procuring such license; that thereupon appellant was arrested for a breach of said ordinance; that at the time there was an ordinance in force in said city which provided that it should be unlawful for itinerant merchants or transient vendors of merchandise to carry on their business in said city without a license; that said ordinance defined an itinerant

merchant as one who temporarily engaged in mercantile business or who went from one city or village to another, stopping for only a limited time in each place for the purpose of selling goods; that said ordinance made it necessary for such person, before engaging in any way in said business in said city, to obtain a license therefor; that no license should be issued for a less period than one month and that the fee for such period of one month should be the sum of $100. Said ordinance further provided that any person guilty of a breach thereof should be fined in the sum of not less than $5 and not more than $50 for each offense and every day on which a person might engage in business was a separate offense.

Upon the trial of said cause appellant submitted to the court written propositions of law in which the court was asked to hold that said ordinance was void for the reason that in its terms it was unreasonable and prohibitive and made no discrimination as to the extent or volume of business such itinerant merchant might do. The trial court refused to hold such propositions but sustained the ordinance as valid and reasonable and imposed a fine.

Whether an ordinance is reasonable or unreasonable is a question to be determined by the court, having regard to all the existing circumstances or contemporaneous conditions. McFarlane v. Chicago, 185 Ill. 242.

When an ordinance is plainly unreasonable and prohibitive in its character the courts may interfere and pronounce it invalid. Beach on Public Corporations, sec. 1234; City of Carrollton v. Bazzette, 159 Ill. 284; People v. Cregier, 138 Ill. 402.

It appears to us that the ordinance in question is unreasonable in its terms and imposes an unjust burden upon an itinerant merchant who may remain in business in the city only one day or five, in making him pay the same fee or license that he would have to pay if he so remained in business for a full month. The

ordinance makes no distinction whatever between a vendor who engages in business for one day and one who engages in trade for thirty days. This is clearly and palpably unfair and unreasonable.

In the City of Carrollton v. Bazzette, *supra,* the court say: "A license fee of $10 for each day, making no discrimination on account of the extent of the business or the length of the time during which it is carried on, would appear to be unnecessarily burdensome in such a case, in general restraint of trade and prohibitory of. the. business."

In Neagle v. City of Centralia, 81 Ill. App. 334, the court say: "A license of ten dollars a day for the conduct of business, etc., without regard to the amount of the sales, is prohibitory and not permissive."

While it may be that a fee of $100 per month for the conducting of a general store by a transient or itinerant merchant, such as that conducted by appellant, would not be prohibitive or unreasonable, yet even if that be conceded there is no justification for the claim that a man who engages in such a trade for one day or a week should pay as much for that privilege as one who conducts a business for an entire month.

The judgment is reversed.

*Reversed.*